LEAOA and LAGO of Pago Pago and VAIVAO FAMILY
of Pago Pago, Plaintiffs

v.

TUAOLO of Pago Pago, Defendant

No. 13-1949

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Tamasaunoa" in Pago Pago]

May 17, 1949

A. A. MORROW, *Chief Justice;* PULETU and NUA, *District Judges.*

DECISION

Heard at Fagatogo May 4–5, 1949.
Solosolo & Malaulu for Lago; Viavia for Leaoa; Solosolo for Siaivao; Puaatuua & Emelio for Tuaolo.

MORROW, *Chief Justice.*

Tuaolo of Pago Pago filed his application with the Registrar of Titles to have the land Tamasaunoa in Pago Pago registered as the communal family land of the Tuaolo family. A survey of the tract accompanied the application. Fanene filed an objection to the proposed registration claiming that a part of the surveyed tract was the commu-

457

nal family land of the Fanene family. Lago and Leaoa likewise filed an objection claiming that the surveyed tract was "the communal family land of the Lago and Leaoa family." Siaivao also filed an objection as a representative of the Vaivao title claiming that the survey included her "own land." This litigation arises as a result of such objections. See Sec. 905 of the A. S. Code.

The court viewed the land in the presence of the parties before the hearing was had. After the view by the court and prior to the hearing the surveyor marked on the survey the part of the tract claimed by Fanene. Tuaolo, Lago, Leaoa and Siaivao, the objectors, then filed with the Registrar of Titles an admission and acknowledgment that that part "of the land Tamasaunoa as offered for registration by Tuaolo and objected to by Fanene is the property of Fanene and has been so shown on the plan of Tamasaunoa as filed by Tuaolo." As a result of such admission and acknowledgment by the other parties to the case, Fanene withdrew therefrom and the Court considers that such land claimed by Fanene was withdrawn by Tuaolo from the original application to register it.

We shall consider Siaivao's objection first. Siaivao has plantations on that part of the surveyed tract lying east of the Pago Pago-Fagasa Road which crosses it on the east. She has had plantations there for many years. In the first part of her testimony she claimed that this part of the tract lying east of the road was her individually owned land. Later she testified that the land she claimed was the "communal family land of Vaivao." It is the opinion of the court, particularly in view of the testimony to the effect that Siaivao and her parents have used this part of the tract east of the highway for many, many years, that such part is the communal family land of the Vaivao title. Despite some conflict in the evidence, it clearly preponderates in favor of this view. Siaivao also claimed that a section of

the western part of the surveyed tract belonged to the Vaivao title. Suffice it to say that the weight of the testimony is clearly against this view of the facts.

The evidence showed beyond dispute that there are graves of Tuaolo people, Leaoa people and Lago people on that part of the surveyed land west of the Pago Pago-Fagasa highway. It also showed beyond dispute that this part of the tract has been in the possession of members of the Leaoa family for many years and that they have had plantations on it during that time. It appears from the evidence that there is a family known as the Vaiala family of Pago Pago; that Vaiala is not a title but that it refers to the people who live on Vaiala land. Tuaolo testified that he was a chief of the Vaiala family and its head. He further testified that members of the Tuaolo, Leaoa and Lago families were buried on the land and that the people now living on it, viz. Katina and his wife, Maaele and his wife and a widow, were rendering service to Leaoa. In response to the question on cross-examination "Do you admit that the land belongs to the title Tuaolo and Leaoa?" Tuaolo answered "Yes I admit that the land belongs to Leaoa and Tuaolo family because Leaoa was a Tuaolo." In another part of his testimony he said that ". . . this land belongs to Tuaolo and Leaoa." Amisone, a member of the Tuaolo family, a witness for Tuaolo in answer to the question as to whether or not the land belonged to the Tuaolo and Leaoa titles said "Yes." Tuaolo testified that he was the senior matai of the Tuaolo and Leaoa family. Amisone told the court that ". . . this land belongs to Vaiala family and the two matais are Leaoa and Tuaolo."

Leaoa testified that there were three matais in the Vaiala family, viz. Tuaolo, Lago and himself. Lago, in response to the question "I understand you to say that the Lago and Leaoa family are the same family, the same people?" answered "Yes one family and same people."

459

Lago was asked ". . . if Tuaolo when he surveyed the land had offered it for registration in the name of Tuaolo, Lago and Leaoa would you have filed any objection?" To this Lago answered "No." Leaoa was asked in substance the same question to which he answered "No objection because there are three matais in one family." We think these answers by Leaoa and Lago are an implied admission by both of them that the Tuaolo title has an interest in the land Tamasaunoa. Leaoa's answer is also an admission by him that the Lago title has an interest in the land. Similarly Lago's answer is an admission by him that the Leaoa title has an interest in it.

We have concluded that the evidence preponderates in favor of the view that Tuaolo, Leaoa and Lago are all matais in the Vaiala family. Katina so testified; also that Lago and Tuaolo were talking chiefs and that Leaoa was a chief; that inside the Vaiala family Leaoa was the highest; that outside of it Tuaolo was the highest. He also testified that the Lago title was related to the Tuaolo and Leaoa titles.

Taking the testimony as a whole, and despite some conflict therein, we have concluded that that part of the surveyed tract lying west of the highway, and excluding that part thereof which is admittedly the property of the Fanene family, is the property of Leaoa, Tuaolo and Lago titles; that all three titles are in the same Vaiala family and that within the family Leaoa is the senior matai. It is not necessary for us to make any finding on the relative rank of these three chiefs outside the Vaiala family and we do not.

In view of our findings, the court ORDERS, ADJUDGES and DECREES that that part of the surveyed tract lying east of the Pago Pago-Fagasa Road, as shown on the survey, is the communal family land of the Vaivao title. It further ORDERS, ADJUDGES and DECREES

that the remainder of such surveyed tract, excluding that part thereof now shown on the survey as the property of the Fanene and described as follows: Beginning at the western end of the boundary marked N 51°36′ W, 118.59 feet on the survey, thence N 27°15′ E, 180 feet; thence N 71°25′ W, 200 feet; thence S 27°23′ W, 151.20 feet; thence S 71°00′ E, 76.50 feet; thence S 58°15′ E, 12.75 feet to the place of beginning is, subject to the easement of the public in the Pago Pago-Fagasa Road crossing it on the east, the communal family land of the Leaoa, Tuaolo and Lago in their capacity as matais of the Vaiala family, in which family Leaoa is the senior matai.

The present occupants of the land herein decreed to be the communal property of the three above matais have the right to continue to occupy and use it in accordance with Samoan customs. Siaivao likewise has the right in accordance with Samoan customs to continue to occupy and use the part of the surveyed tract decreed to be the property of the Vaivao title.

Since Tuaolo paid for the survey and the benefit thereof will inure in part to the Vaivao, Leaoa and Lago, it is equitable that these latter three pay the costs. We consider that a just division thereof is $10.00 to Vaivao, $20.00 to Leaoa and a like sum to Lago. Accordingly $10.00 of the costs are assessed to Vaivao, $20.00 to Leaoa and $20.00 to Lago. All costs are to be paid within 30 days.

The Registrar of Titles will be advised of the above decree.